## 44696. MEREDITH v. MEREDITH.
### (360 SE2d 586)

WELTNER, Justice.

The issue in this case relates to the jurisdiction of the Superior Court of Franklin County over Meredith in an action brought by his former wife to establish paternity of a minor child, and to require the payment of child support.

All of the parties involved in this action — the former wife, the former husband, and the minor child — are residents of South Carolina. The former wife insists that Georgia courts have jurisdiction because the parties formerly lived in Georgia; the child was conceived in Georgia; the parties were divorced in Georgia; the husband is employed in Georgia; real property in Georgia formerly occupied as a marital residence is now listed in the telephone directory as the resi-

---

dence of the former husband's father; and the former husband was served with process in Georgia. She relies upon OCGA § 19-7-41, providing for service for paternity suits on a non-resident defendant, and the Long Arm Statute, OCGA § 9-10-91 (5).

These factors, severally or *en gross*, cannot confer jurisdiction over a non-resident where the moving party is also a non-resident, and is proceeding on behalf of herself and yet another non-resident. OCGA § 19-7-40 provides: "The superior and state courts of the several counties shall have concurrent jurisdiction in all proceedings for the determination of paternity *of children who are residents of this state*." (Emphasis supplied.) Compare *Smith v. Smith*, 254 Ga. 450 (330 SE2d 706) (1985), where the petitioner proceeded under OCGA § 9-10-91 (5), and was a Georgia resident.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 1, 1987.

*Timothy P. Healy,* for appellant.
*Andrew J. Hill, Jr.,* for appellee.