S91A0630, S91A0647. JONES v. ALFONE (two cases).
(404 SE2d 119)

Clarke, Chief Justice.

The trial court dismissed this paternity action for lack of jurisdiction under OCGA § 19-7-40 because the child is not a resident of Georgia. Appellant filed both an application for a discretionary appeal and a notice of appeal. The application was granted, and the appeal has gone forward under two numbers.

Appellant, now a resident of Ohio, brought this paternity action November 1, 1990, against her former employer in Douglas County, the county of his residence. The court dismissed the action at the rule nisi hearing December 6, 1990, in response to appellee's oral motion on the ground that the child is not a resident of Georgia. The court relied upon this court's case of *Meredith v. Meredith*, 257 Ga. 458 (360 SE2d 586) (1987), in its decision to dismiss the action.

We find that the court erred in dismissing the case. OCGA § 19-7-40 does not limit paternity actions in Georgia to cases in which the child is a Georgia resident. Rather, the section *broadens* the jurisdic-

tion to allow an action on behalf of a child who is a resident against a putative father who is a non-resident. This construction is supported by § 19-7-41, which provides for service of a non-resident defendant without resort to the Long Arm Statute and § 19-7-42, which requires venue in Georgia even if the putative father is a non-resident.

The holding of *Meredith v. Meredith*, supra, upon which the trial court relied, was that if neither the moving party nor the child lives in Georgia, OCGA § 19-7-40 does not confer Georgia jurisdiction over a non-resident putative father. *Meredith v. Meredith* does not limit Georgia jurisdiction to a situation in which the child is a Georgia resident.

*Judgment reversed in Case No. S91A0647. The notice of appeal in Case No. S91A0630 having been filed prematurely, and that appeal now being moot, Case No. S91A0630 is dismissed. All the Justices concur.*

### DECIDED MAY 15, 1991.

*Bondurant, Mixson & Elmore, Carolyn R. Gorwitz, Heidi M. Faenza,* for appellant.
*William M. Bristow,* for appellee.